UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ELAINE WANG, | : |
| | : |
| Plaintiff, | : Case No. 1:21-cv-8430 |
| | : |
| v. | : |
| | : **COMPLAINT FOR VIOLATIONS OF** |
| ACCELERON PHARMA INC., FRANCOIS | : **SECTIONS 14(e), 14(d) AND 20(a) OF** |
| NADER, M.D., M.B.A., HABIB DABLE, | : **THE SECURITIES EXCHANGE ACT** |
| LAURA J. HAMILL, CHRISTOPHER HITE, | : **OF 1934** |
| TERRENCE C. KEARNEY, KEMAL | : |
| MALIK, M.B., B.S., THOMAS A. | : **JURY TRIAL DEMANDED** |
| MCCOURT, KAREN L. SMITH, M.D., | : |
| PH.D., JOSEPH S. ZAKRZEWSKI, | : |
| | : |
| Defendants. | : |

---

Elaine Wang ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1. This is an action brought by Plaintiff against Acceleron Pharma Inc. ("Acceleron or the "Company") and the members Acceleron board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection with the proposed acquisition of Acceleron by affiliates of Merck & Co., Inc. ("Merck").

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Solicitation Statement on Schedule 14D-9 (the "Solicitation Statement") to be filed on October 12, 2021 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders. The Solicitation

Statement recommends that Company stockholders tender their shares in support of a proposed transaction whereby Astros Merger Sub, Inc. ("Merger Sub"), a wholly owned subsidiary of Merck Sharp & Dohme Corp. ("Parent"), will purchase any and all of the outstanding shares of the Company (the "Tender Offer") and will be merged with and into the Company and the Company will continue as the surviving corporation and a wholly-owned subsidiary of Parent (the "Proposed Transaction"). Merger Sub will thereafter cease to exist. Pursuant to the terms of the definitive agreement and plan of merger the companies entered into, dated September 29, 2021 (the "Merger Agreement"), each Acceleron common share issued and outstanding will be converted into the right to receive $180.00 (the "Merger Consideration"). In accordance with the Merger Agreement, Merger Sub commenced a tender offer to acquire all of Acceleron's outstanding common stock and will expire on November 10, 2021.

3. Defendants have now asked Acceleron's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Solicitation Statement, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act. Specifically, the Solicitation Statement contains materially incomplete and misleading information concerning, among other things, (i) Acceleron's financial projections relied upon by the Company's financial advisors, Centerview Partners LLC ("Centerview") and J.P. Morgan Securities LLC ("J.P. Morgan") in their financial analyses; and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinions provided by the financial advisors. The failure to adequately disclose such material information constitutes a violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act as Acceleron stockholders need such information in order to tender their shares in support of the Proposed Transaction.

4. It is imperative that the material information that has been omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the expiration of the tender offer.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Acceleron's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(e), 14(d), and 20(a) of the Exchange Act and SEC Rule 14a-9.

7. Personal jurisdiction exists over each Defendant either because each is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Acceleron stock is traded on the NASDAQ stock exchange, headquartered in this District. Centerview, Acceleron's financial advisor, is also headquartered in this District.

## PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of Acceleron common stock and has held such stock since prior to the wrongs complained of herein.

10. Individual Defendant Francois Nader, M.D., M.B.A. has served as a member of the Board since December 2014 and as Chairman of the Board since March 2015.

11. Individual Defendant Habib Dable has served as a member of the Board since December 2016 and is Acceleron's President and Chief Executive Officer.

12. Individual Defendant Laura J. Hamill has served as a member of the Board since September 2020.

13. Individual Defendant Christopher Hite has served as a member of the Board and since June 2020.

14. Individual Defendant Terrence C. Kearney has been a member of the Board since July 2014.

15. Individual Defendant Kemal Malik, M.B., B.S. has served as a member of the Board since January 2020.

16. Individual Defendant Thomas A. McCourt has served as member of the Board since July 2016.

17. Individual Defendant Karen K. Smith, M.D., Ph.D. has served as member of the Board since November 2017.

18. Individual Defendant Joseph S. Zakrzewski has served as member of the Board since 2011.

19. Defendant Acceleron is incorporated in Delaware and maintains its principal offices at 128 Sidney Street, Cambridge, Massachusetts 02139. The Company's common stock trades on the NASDAQ Stock Exchange under the symbol "XLRN."

20. The defendants identified in paragraphs 10-18 are collectively referred to as the "Individual Defendants" or the "Board."

21. The defendants identified in paragraphs 10-19 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

**A.      The Proposed Transaction**

22. Acceleron, a biopharmaceutical company, focuses on the discovery, development, and commercialization of therapeutics to treat serious and rare diseases. It offers REBLOZYL (luspatercept-aamt), a first-in-class erythroid maturation agent, for the treatment of anemia in adult patients with beta-thalassemia and transfusion-dependent anemia. The Company is also developing Sotatercept, an activin receptor type IIA fusion protein, for the treatment of patients with pulmonary arterial hypertension; ACE-1334, a pulmonary therapeutic candidate that is in Phase I clinical trials; and luspatercept-aamt for non-transfusion-dependent beta-thalassemia patients and lower-risk myelodysplastic syndrome patients. It has a license agreements with the Salk Institute for Biological Studies for the cloning of type II activin receptors; and license agreement with Fulcrum Therapeutics, Inc. to identify small molecules designed to modulate specific pathways associated with a targeted indication within the pulmonary disease space. The Company was formerly known as Phoenix Pharma, Inc. Acceleron was incorporated in 2003 and is headquartered in Cambridge, Massachusetts.

23. On September 30, 2021, Merck and the Company announced the Proposed Transaction:

> KENILWORTH, N.J. & CAMBRIDGE, Mass.--(BUSINESS WIRE)--Merck (NYSE: MRK), known as MSD outside the United States and Canada, and Acceleron Pharma Inc. (Nasdaq: XLRN), a publicly traded biopharmaceutical company, today announced that the companies have entered into a definitive agreement under which Merck, through a subsidiary, will acquire Acceleron for $180 per share in cash for an approximate total equity value of $11.5 billion.

Acceleron is focused on harnessing the power of the transforming growth factor (TGF)-beta superfamily of proteins that is known to play a central role in the regulation of cell growth, differentiation and repair. Acceleron's lead therapeutic candidate, sotatercept, has a novel mechanism of action with the potential to improve short-term and/or long-term clinical outcomes in patients with pulmonary arterial hypertension (PAH), a progressive and life-threatening blood vessel disorder. Sotatercept is in Phase 3 trials as add-on to current standard of care for the treatment of PAH.

"Strategic business development is a top priority for Merck as we look to drive sustainable growth and further bolster and balance our pipeline with breakthrough science," said Rob Davis, chief executive officer and president, Merck. "Acceleron's innovative research has yielded an exciting late-stage candidate that complements and strengthens our growing cardiovascular portfolio and pipeline and holds the potential to build upon Merck's proud legacy in cardiovascular disease."

In addition to sotatercept, Acceleron's portfolio includes REBLOZYL® (luspatercept-aamt), a first-in-class erythroid maturation recombinant fusion protein approved in the United States, Europe, Canada and Australia for the treatment of anemia in certain rare blood disorders. REBLOZYL is being developed and commercialized through a global collaboration with Bristol Myers Squibb.

"This agreement with Merck represents the culmination of decades of work by Acceleron researchers successfully leveraging our company's deep scientific expertise in the biology of the TGF-beta superfamily and driven by an unwavering dedication to delivering life-changing medicines for patients," said Habib Dable, chief executive officer and president, Acceleron. "We believe Merck is well-positioned to apply its industry-leading clinical and commercial capabilities to harness the potential of sotatercept as we join together to help make an impact on cardiopulmonary disease for the benefit of patients."

Under the terms of the acquisition agreement, Merck, through a subsidiary, will initiate a tender offer to acquire all outstanding shares of Acceleron. The closing of the tender offer will be subject to certain conditions, including the tender of shares representing at least a majority of the total number of Acceleron's outstanding shares, receipt of applicable regulatory approvals, and other customary conditions. Upon the successful completion of the tender

offer, Merck's acquisition subsidiary will be merged into Acceleron, and any remaining shares of common stock of Acceleron will be canceled and converted into the right to receive the same $180 per share price payable in the tender offer. The transaction is expected to close in the fourth quarter of 2021.

* * *

24. It is therefore imperative that Acceleron's stockholders are provided with the material information that has been omitted from the Solicitation Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests.

B.   **The Materially Incomplete and Misleading Solicitation Statement**

25. On October 12, 2021, Acceleron filed the Solicitation Statement with the SEC in connection with the Proposed Transaction. The Solicitation Statement was furnished to the Company's stockholders and solicits the stockholders to tender their shares in support of the Proposed Transaction. The Individual Defendants were obligated to carefully review the Solicitation Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Solicitation Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to tender their shares, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.

26. The Solicitation Statement omits material information regarding the Company's financial projections and the valuation analyses performed by the financial advisors, the disclosure of which is material because it provides stockholders with a basis to project the future financial performance of the target company, and allows stockholders to better understand the analyses performed by the financial advisor in support of its fairness opinion of the transaction.

27. For the Company Projections (the "Projections") prepared by Company management for Acceleron for fiscal years 2021 through 2045, the Solicitation Statement fails to provide what the risk and probability adjustments were assumed and applied for the purposes of preparing the Projections.

28. As indicated on page 40 of the Solicitation Statement, the Projections are "risk-adjusted," but the Solicitation Statement does not explain why only risk-adjusted figures are disclosed.

29. With respect to J.P. Morgan's *Discounted Cash Flow Analysis*, the Solicitation Statement fails to disclose: (i) the basis for applying the range of discount rates from 8.5% to 10.5%; (ii) Company's weighted cost of capital and cost of equity.

30. With respect to Centerview's *Selected Public Company Analysis*, the Solicitation Statement fails to disclose: (i) the number of fully-diluted outstanding shares of the Company as of September 27, 2021; and (ii) the considerations deemed relevant by and judgments made by Centerview to arrive at the selected reference range of Enterprise Values of $3.0 billion to $10.0 billion.

31. With respect to Centerview's *Discounted Cash Flow Analysis*, the Solicitation Statement fails to disclose: (i) the basis for applying the range of discount rates from 8.5% to 10.5%; (ii) the implied fully diluted number of Company shares.

32. With respect to Centerview's *Analyst Price Target Analysis*, the Solicitation Statement fails to disclose: (i) the Wall Street research analysts observed; and (ii) the stock price targets in the reports.

33. With respect to Centerview's *Premia Paid Analysis*, the Solicitation Statement fails to disclose: (i) the transactions observed; and (ii) the premium of each transaction.

34. In sum, the omission of the above-referenced information renders statements in the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff will be unable to make a fully-informed decision regarding whether to tender their shares, and they are thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for
Violations of Section 14(e) of the Exchange Act**

35. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

36. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . ." 15 U.S.C. § 78n(e).

37. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, in conjunction with the Tender Offer. Defendants knew or recklessly disregarded that the Solicitation Statement failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

38. The Solicitation Statement was prepared, reviewed and/or disseminated by Defendants. It misrepresented and/or omitted material facts, including material information about

the consideration offered to stockholders via the Tender Offer, the intrinsic value of the Company, the Company's financial projections, and the financial advisor's valuation analyses and resultant fairness opinion.

39. In so doing, Defendants made untrue statements of material fact and omitted material information necessary to make the statements that were made not misleading in violation of Section 14(e) of the Exchange Act. By virtue of their positions within the Company and/or roles in the process and in the preparation of the Solicitation Statement, Defendants were aware of this information and their obligation to disclose this information in the Solicitation Statement.

40. The omissions and misleading statements in the Solicitation Statement are material in that a reasonable stockholder would consider them important in deciding whether to tender their shares or seek appraisal. In addition, a reasonable investor would view the information identified above which has been omitted from the Solicitation Statement as altering the "total mix" of information made available to stockholders.

41. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

42. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff, and Plaintiff will be deprived of her entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

**COUNT II**

**Violations of Section 14(d)(4) of the Exchange Act and
Rule 14d-9 Promulgated Thereunder
(Against All Defendants)**

43. Plaintiff repeats and re-alleges each allegation set forth above as if fully set forth herein.

44. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting stockholder support of the Tender Offer.

45. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

46. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which render the Solicitation Statement false and/or misleading.

47. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

48. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and Plaintiff will be deprived of her entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

**COUNT III**

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

11

49. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

50. The Individual Defendants acted as controlling persons of Acceleron within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of Acceleron, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Acceleron, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

51. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

52. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Acceleron, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Solicitation Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Solicitation Statement.

53. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the

Merger Agreement. The Solicitation Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

54. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

55. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(d) and (e), by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

56. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

A. Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

B. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

C.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

D.      Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: October 13, 2021               **MELWANI & CHAN LLP**

/s *Gloria Kui Melwani*
Gloria Kui Melwani (GM5661)
1180 Avenue of the Americas, 8th Floor
New York, New York 10036
Tel: (212) 382-4620
Email: gloria@melwanichan.com

*Attorneys for Plaintiff*